# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELENA FARR, : No. 4:17-cv-00263
:
    Plaintiff, : (Judge Brann)
:
v. :
:
MODULAR STEEL SYSTEMS :
and JIM NOVICK, :
:
    Defendants. :

## ORDER

### April 12, 2017

**FINDINGS**:

1. On February 13, 2017, Plaintiff filed her Complaint. ECF No. 1.

2. Plaintiff states that she was hired by Defendant Modular Steel Systems in March 2014 and was purportedly fired before having spent two years at the company's plant in Bloomsburg, Columbia County, Pennsylvania. Id. at ¶¶ 21, 23. In precisely what capacity Plaintiff was hired is unclear from the Complaint.

3. Plaintiff alleges that Defendant Jim Novick, Modular Steel's Vice President, created a hostile work environment by making sexually-

charged comments and attempting to stare at her breasts and buttocks. Id. at ¶¶ 25–30.

4. After Plaintiff complained to a plant manager, she alleges that Mr. Novick "began to retaliate against [her]." Id. at ¶ 36.

5. By way of example, Plaintiff writes that Mr. Novick had referred to her as a "cunt" and a "bitch." Id. at ¶ 38.

6. Plaintiff then writes that in February 2016, Mr. Novick "yelled at [her] and told her she was terminated with no explanation." Id. at ¶ 52.

7. Plaintiff also avers that she was "subjected to wage discrimination on the basis of her gender" because all male employees in the office received raises, while her pay stayed the same. Id. at ¶¶ 47–48.

8. Defendants filed a Motion to Dismiss on March 7, 2017, noting that Plaintiff's Complaint was written "in the most bare bones of terms." ECF No. 7 at 1. I agree.

9. After Twombly and Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

10. Plaintiff here has not "allege[d] sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." Connelly, 809 F.3d at 789. To the contrary, the averments in Plaintiff's Complaint are shadowy at best and pale in comparison to the facts pled in Connelly. Specifically, nothing in the Complaint suggests that sex "played either a motivating or determinative factor" in the contested termination or pay decisions. Id. at 791.

11. Moreover, "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). "Conduct that is not severe or pervasive enough to create an objectively hostile

or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). A "mere utterance of an . . . epithet which engenders offensive feelings in an employee would not affect the conditions of employment to sufficiently significant degree to violate Title VII." Meritor, 477 U.S. at 67.

12. Plaintiff offers no facts that plausibly suggest she was the victim of sex discrimination so severe or pervasive as to alter the conditions of her employment as that standard is applied. See, e.g., Bumbarger v. New Enter. Stone & Lime Co., 170 F. Supp. 3d 801, 830 (W.D. Pa. 2016) (Gibson, J.) ("[U]se of the word 'b—h' on a few occasions and 'c—t' on a few occasions, over the time period of 2009 until 2013, is insufficient to establish that his harassment of Plaintiff was 'sufficiently severe or pervasive.'").

13. Plaintiff further offers no facts that plausibly suggest either sex discrimination or unlawful retaliation was the cause of her termination. "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation

test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). See also Connelly, 809 F.3d at 789 (holding that "retaliation claim may survive [defendant's] motion to dismiss if she pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action").

14. Plaintiff also offers no facts that plausibly suggest she was paid different wages than members of the opposite sex, solely on the basis of sex, "for equal work on jobs which required equal skill, effort, and responsibility, and all of which are performed under similar working conditions." Summy–Long v. Pennsylvania State Univ., — F.Supp.3d —, 2016 WL 7448710, at *31 (M.D. Pa. Dec. 27, 2016) (Brann, J.).

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants' failure to comply with Local Rule 7.5, which requires the submission of a supporting brief, is **EXCUSED**, as compliance would have been futile in this instance. See Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP, 335 F.3d 800, 804 (8th Cir. 2003) (compliance with local rule excused where it "would be futile anyway").

2. Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**.

3. All claims in Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE** and with leave to refile within 21 days of the date of this Order.

4. If Plaintiff cannot allege sufficient facts to state a plausible claim for relief under prevailing law, counsel for Plaintiff should not refile an amended complaint this action. See Keister v. PPL Corp., 318 F.R.D. 247, 262 (M.D. Pa. 2015) (Brann, J.) (imposing reasonable attorney's fees under Federal Rule of Civil Procedure 11, where "the allegations in Plaintiff's Second Amended Complaint were unsupported at the time that [counsel for Plaintiff] wrote them, and were unlikely to ever gain factual support during the course of discovery, because they

simply were inaccurate"), aff'd, — Fed. Appx. — , 2017 WL 383366 (3d Cir. 2017) (Fisher, J.).

5.  The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge